UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. CHAMBERS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JANSSEN PHARMACEUTICALS, INC., JANSSEN LP, JOHNSON & JOHNSON & JOHNSON RESEARCH AND DEVELOPMENT, LLC, AND DOES 1-5<br><br>　　　　　　　　　　　　Defendants. | Case No.: 16CV762-JAH(BLM)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>**[ECF No. 30]** |

Currently before the Court is Defendants' April 18, 2018 motion to compel discovery responses. ECF No. 30-1 ("MTC"). For the reasons set forth below, Defendants' motion is **GRANTED**.

## **BACKGROUND**

The instant matter was initiated on March 31, 2016 when Plaintiff sued Defendants for strict liability, negligence, negligence per se, false advertising, fraudulent concealments, fraudulent misrepresentation, failure to warn, breach of express and implied warranties, unfair business practices, negligent and intentional infliction of emotional distress, and reckless endangerment related to Plaintiff's use of the prescription medication Risperdal. ECF No. 1. Plaintiff alleges that he suffered numerous injuries due to his use of Risperdal and seeks compensatory and punitive damages, attorneys' fees and costs, and other relief as the Court

may deem just and proper. Id.

On March 7, 2017, the Court issued a Scheduling Order Regarding Discovery and Other Pretrial Proceedings. ECF No. 18. On May 2, 2017, Defendants served Plaintiff with Interrogatories, Set One and Requests for Production of Documents, Set One. MTC at 3; see also ECF No. 30-2, Declaration of Steven M. Selna, In Support of Defendants' Motion to Compel Discovery ("Selna Decl.") at Exhs. A and B. On July 25, 2017, after Plaintiff failed to respond, Defendants sent Plaintiff a meet and confer letter regarding the delinquent discovery responses. MTC at 3. Defendants also attempted to call Plaintiff about the discovery responses. Id. Plaintiff did not respond. Id. On September 12, 2017, Plaintiff appeared for his deposition. Id. At the deposition, Plaintiff stated that he had not received the discovery at issue or the meet and confer letter and noted that the address Defendants had been given when Plaintiff's counsel withdrew was incorrect.[1] Id.

On October 19, 2017, the parties filed a Joint Motion to Continue Deadlines in the Scheduling Order to provide the parties with additional time to complete discovery. ECF No. 21. The Court granted the motion extending the case deadlines for approximately ninety days. ECF No. 23. Defendants continued to have difficulty communicating with Plaintiff who failed to respond to multiple phone calls and emails until January 10, 2018. MTC at 4. On January 18, 2018, the parties filed another Joint Motion to Continue Deadlines in the Scheduling Order. ECF No. 24. That motion was granted on January 19, 2018. ECF No. 26.

On January 22, 2018, Defendants re-served their Interrogatories, Set One and Requests for Production of Documents, Set One. MTC at 4; see also Selna Decl. at Exhs. A and B. Plaintiff failed to respond. MTC at 4. During a telephonic meet and confer with Plaintiff on March 22, 2018, Plaintiff informed Defendants that he again did not receive their discovery requests. Id. at 5. During the call, in which Judge Major's law clerk participated, Defendants emailed the

---

[1] Plaintiff was represented by counsel when he initiated this case. See Docket. On January 3, 2017, Plaintiff's counsel filed a motion to withdraw as counsel without substitution. ECF No. 6. The motion was denied as moot on March 6, 2017 when Plaintiff agreed to proceed *pro se*. ECF No. 17.

discovery requests to Plaintiff who confirmed receipt. Id. Plaintiff also agreed to respond to defense counsel within ten business days with a date by which he would serve responses to the requests. As of the filing of this motion, Defendants have not received responses to their discovery requests. Id. After Defendants filed their motion to compel, the Court issued a briefing schedule requiring Plaintiff to file his opposition by May 4, 2018. ECF No. 31. Plaintiff did not file an opposition or any other document. See Docket.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

Parties are required to respond to interrogatories to the fullest extent possible in writing under oath. Fed. R. Civ. P. 33(b)(3). Answers and objections must be served within thirty days after being served with the interrogatories and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(2) and (b)(4). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

A party may request the production of any document within the scope of Rule 26(b).

Fed. R. Civ. P. 34(a). The responding party is responsible for all items in the "responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A party who has been served must respond in writing within thirty days of being served. Fed. R. Civ. P. 34(b)(2)(A). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). A party who fails to file timely objections [to discovery requests] waives all objections. Browning v. Lilien, 2016 WL 4917115, at *5 (S.D. Cal. Sept. 15, 2016) (citing Ramirez v. County of L.A., 231 F.R.D. 407, 409 (C.D. Cal 2005) (citing Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.), cert. dismissed, 506 U.S. 948 (1992) ("[F]ailure to object to discovery requests within the time required constitutes a waiver of any objection.")).

"Pro se litigants must follow the same rules of procedure that govern other litigants." Alexis v. Rogers, 2017 WL 1967328, at *8 (S.D. Cal. May 12, 2017) (quoting King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). "A party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey court orders and in weighing the other factors regarding dismissal, but pro se status does not excuse intentional noncompliance with discovery rules and court orders." Id. (quoting Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. Mar. 18, 2014) (citing Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery"); and Gordon v. County of Alameda, 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007) ("pro se plaintiffs must abide by the rules of discovery").

"If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." See CivLR 7.1(f)(3)(c); see also Heston v. GB Capital Holdings, LLC, 2016 WL 4468254, at *2, n.1 (S.D. Cal. Aug. 23, 2016) (noting that "[a] district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond.") (citing Ghazali v. Moran, 46 F.3d 52,

4

54 (9th Cir. 1995) (affirming dismissal for failing to oppose a motion to dismiss, based on a local rule providing that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion")).

**DISCUSSION**

Defendants seek an order from the Court compelling Plaintiff to respond to Defendants' written discovery including Interrogatories, Set One and Requests for Production of Documents, Set One within fifteen days of the Court's order on this motion. MTC at 9.

Plaintiff did not file an opposition to Defendants' motion. See Docket.

Given the procedural history set forth above, the Court is confident that Plaintiff received the requests for discovery, was aware of his obligation to respond to those requests, and intentionally failed to do so. On March 22, 2018, Plaintiff participated in a conference call with Judge Major's law clerk and defense counsel Andrea Smith, during which Plaintiff confirmed receipt of the discovery requests via email and agreed that he would get in touch with Ms. Smith in ten business days to let her know when he would have the discovery responses completed.[2] Plaintiff failed to do so. Additionally, Plaintiff was made aware of the instant motion as the motion was served to him via the United States Postal Service and email on April 18, 2018 [see ECF No. 30-5] and the briefing schedule ordering Plaintiff to oppose Defendants' motion to compel by May 4, 2018 was mailed to Plaintiff by the Clerk's Office on April 19, 2018. ECF No. 31 ("All non-registered users served via U.S. Mail Service").

By failing to respond or object to Defendants' discovery requests, Plaintiff has waived all objections to the Interrogatories and Requests for Production served by Defendants. See Fed. R. Civ. P 33(b)(4) and 34; see also Browning v. Lilien, 2016 WL 4917115, at *5 (S.D. Cal. Sept. 15, 2016). Also, by failing to oppose Defendants' motion to compel, Plaintiff has consented to

---

[2] Following the call in which Plaintiff clarified his address, Judge Major's law clerk called the Clerk's Office and had Plaintiff's address as shown on the docket corrected. The Docket initially stated that Plaintiff lived on Shades Hill Drive as opposed to his correct address which is Shadescale Drive. See Docket; see also ECF No. 27 (mail returned as undeliverable from Shades Hill Drive).

the granting of the motion. See CivLR 7.1(f)(3)(c). Additionally, the Court notes that the instant case has been pending for more than two years and that Defendants have not received basic discovery responses from Plaintiff, despite their repeated efforts. Accordingly, Defendants' motion to compel is **GRANTED**. Plaintiff is **ORDERED** to serve responses to Defendants' Interrogatories, Set One and Requests for Production of Documents, Set One on or before **June 4, 2018**. Plaintiff is warned that failing to comply with this Order may result in the imposition of sanctions, including the dismissal of Plaintiff's case.

**IT IS SO ORDERED**.

Dated: 5/14/2018

Hon. Barbara L. Major
United States Magistrate Judge