UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. CHAMBERS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JANSSEN PHARMACEUTICALS, INC., JANSSEN LP, JOHNSON & JOHNSON & JOHNSON RESEARCH AND DEVELOPMENT, LLC, AND DOES 1-5<br><br>　　　　　　　　　　　Defendants. | Case No.: 16CV762-JAH(BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE CASE**<br><br>**[ECF No. 34]** |

This Report and Recommendation is submitted to United States District Judge John A. Houston pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3(f) of the United States District Court for the Southern District of California. For the following reasons, the Court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**.

### **FACTUAL BACKGROUND**

The instant matter was initiated on March 31, 2016 when Plaintiff sued Defendants for strict liability, negligence, negligence per se, false advertising, fraudulent concealments, fraudulent misrepresentation, failure to warn, breach of express and implied warranties, unfair business practices, negligent and intentional infliction of emotional distress, and reckless endangerment related to Plaintiff's use of the prescription medication Risperdal. ECF No. 1.

1

Plaintiff alleges that he suffered numerous injuries due to his use of Risperdal and seeks compensatory and punitive damages, attorneys' fees and costs, and other relief as the Court may deem just and proper. Id.

On February 13, 2017, the Court conducted an Early Neutral Evaluation. ECF Nos. 16 & 18. Plaintiff and his wife participated in the conference but the case did not settle. Id.

On March 7, 2017, the Court issued a Scheduling Order Regarding Discovery and Other Pretrial Proceedings. ECF No. 18. On May 2, 2017, Defendants served Plaintiff with Interrogatories, Set One and Requests for Production of Documents, Set One. ECF No. 30-1 (Defendant's Motion to Compel) at 3; see also ECF No. 30-2, Declaration of Steven M. Selna, In Support of Defendants' Motion to Compel Discovery ("Selna Decl.") Exhs. A and B. On July 25, 2017, after Plaintiff failed to respond, Defendants sent Plaintiff a meet and confer letter regarding the delinquent discovery responses. ECF No. 30-1 at 3. Defendants also attempted to call Plaintiff about the discovery responses. Id. Plaintiff did not respond. Id. On September 12, 2017, Plaintiff appeared for his deposition. Id. At the deposition, Plaintiff stated that he had not received the discovery requests at issue or the meet and confer letter and noted that the address Defendants had been given when Plaintiff's counsel withdrew was incorrect.[1] Id.

On October 19, 2017, the parties filed a joint motion to continue all of the scheduled dates for ninety days so that the parties would have additional time to complete discovery and Plaintiff would have additional time to retain counsel. ECF No. 21. On October 23, 2017, the Court granted the parties' joint motion. ECF No. 23. "Plaintiff did not respond to multiple telephone calls and emails from Defendants until January 10, 2018." ECF No. 30-1 at 4; see also ECF No. 34-1 at 4. On January 18, 2018, the parties filed a second joint motion to continue dates for ninety days in part to "provide the parties sufficient time to complete discovery and Plaintiff further opportunity to retain counsel." ECF No. 24. That motion was granted on January

---

[1] Plaintiff was represented by counsel when he initiated this case. See Docket. On January 3, 2017, Plaintiff's counsel filed a motion to withdraw as counsel without substitution. ECF No. 6. The motion was denied as moot on March 6, 2017 when Plaintiff agreed to proceed *pro se*. ECF No. 17.

19, 2018. ECF No. 26.

On January 22, 2018, Defendants re-served their Interrogatories, Set One and Requests for Production of Documents, Set One. ECF No. 30 at 4; see also Selna Decl. at Exhs. A and B. Plaintiff failed to respond. MTC at 4. During a telephonic meet and confer with Plaintiff on March 22, 2018, Plaintiff informed Defendants that he again did not receive their discovery requests. Id. at 5. During the call, in which Judge Major's law clerk participated, Defendants emailed the discovery requests to Plaintiff who confirmed receipt. Id. Plaintiff also agreed to respond to defense counsel within ten business days with a date by which he would serve responses to the requests.[2] Defendants reported that Plaintiff did not provide an anticipated response date or any discovery response so on April 18, 2018, Defendants filed a motion to compel discovery. ECF No. 34-1 at 4; see also ECF No. 34-2, Declaration of Zoha Barkeshli In Support of Defendants' Motion to Dismiss ("Zoha Decl.") at ¶ 4; ECF No. 30-1 at 5; and Selna Decl. at ¶ 4. The Court issued a briefing schedule requiring Plaintiff to file his opposition by May 4, 2018. ECF No. 31. Plaintiff did not file an opposition or any other document. See Docket.

On April 17, 2018, the parties filed a third joint motion to continue dates for ninety days because they were having difficulty completing discovery. ECF No. 28. On April 18, 2018, the Court granted the parties' joint motion. ECF No. 29.

On May 14, 2018, the Court granted Defendants' motion to compel discovery responses and ordered Plaintiff to serve his responses to Defendants' Interrogatories, Set One and Requests for Production of Documents, Set One on or before June 4, 2018. ECF No. 32 at 6. The Court warned Plaintiff that failing to comply with the Order may result in the imposition of sanctions, including the dismissal of Plaintiff's case. Id.

On June 18, 2018, Defendants filed a motion to dismiss for failure to comply with the

---

[2] Following the call in which Plaintiff clarified his address, Judge Major's law clerk called the Clerk's Office and had Plaintiff's address as shown on the docket corrected. The Docket initially stated that Plaintiff lived on Shades Hill Drive as opposed to his correct address which is Shadescale Drive. See Docket; see also ECF No. 27 (mail returned as undeliverable from Shades Hill Drive).

Court's order compelling discovery. ECF No. 34 ("MTD"). The following day, the Court issued an order setting a briefing schedule. Plaintiff was ordered to respond to the motion by July 2, 2018, Defendants were ordered to reply by July 9, 2018, and a hearing date of July 16, 2018 was provided. ECF No. 35. Plaintiff did not oppose the motion. See Docket.

## **LEGAL STANDARD**

When a party fails to obey a discovery order, Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) allows for various sanctions, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

"[B]ecause dismissal is so harsh a penalty, it should be imposed only in extreme circumstances." Meeks v. Nunez, 2017 WL 908733, at *10 (S.D. Cal. Mar. 8, 2017) (quoting Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1983)). For the imposition of such a severe sanction, the conduct of the disobedient party must be "due to willfulness, bad faith, or fault of the party." Id. (quoting United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 603 (9th Cir. 1988) (citation omitted).

The Ninth Circuit has set forth five factors to be considered by the court in selecting the appropriate sanction:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Hullinger v. Anand, 2016 WL 7444620, at *8 (C.D. Cal. Aug. 19, 2016) (quoting Valley Engineers Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).  "The Ninth Circuit has held that a party's failure to produce documents as ordered is considered sufficient prejudice to establish sanctionable conduct."  Id. (quoting Apple Inc. v. Samsung Elecs. Co., Ltd., 2012 WL 2862613, at *1-2 (N.D. Cal. July 11, 2012)).  When considering evidentiary, issue or terminating sanctions, factors three and five "become particularly important."  Id.

Where a court order is violated, the first two factors support terminating sanctions while the fourth factor, the public policy favoring disposition of the cases, does not support dismissal.  Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1991).  Therefore, the third and fifth factors are ultimately determinative of the result.  Adriana Int'l Corp., 913 F.2d at 1412.

While the Court may consider a party's *pro se* status in analyzing the willfulness of discovery violations or the factors of dismissal, *pro se* litigants are required to comply with discovery rules and court orders.  See Gordon v. County of Alameda, 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007) ("pro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted"); see also Crockett v. City of Torrance, 2012 WL 6874724, at *4 (C.D. Cal. Nov. 21, 2012) ("Plaintiff's pro se status does not exempt him from compliance with discovery procedures or any other procedural requirements in this case."); Ragsdale v. Lopez-Flores, 2016 WL 8732335, at *4 (C.D. Cal. Sept. 16, 2016) ("[a]lthough the Court should and does consider Plaintiff's pro se status, that status does not excuse repeated intentional noncompliance with discovery rules and court orders.") (citing Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (affirming the imposition of the sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery").

## **DISCUSSION**

The Court and defense counsel have given Plaintiff numerous opportunities to provide discovery.  The discovery and pretrial deadlines were extended several times and Plaintiff was told what he needed to do to respond to discovery.  Plaintiff agreed to provide discovery

responses and yet never did. Plaintiff also has not opposed any of Defendants' motions and has not provided any explanation for his discovery failures. Although this case has been pending for almost two and one half years, Plaintiff has not provided any discovery to Defendants and has not conducted any discovery or taken any other action to move this case toward resolution. As discussed in more detail below, and even considering that Plaintiff is proceeding *pro se*, the facts of this case warrant dismissal.

### A. Plaintiff Violated the Court's Discovery Order

The Court ordered Plaintiff "to serve responses to Defendants' Interrogatories, Set One and Requests for Production of Documents, Set One on or before June 4, 2018." ECF No. 32 at 6 (emphasis omitted). The Court specifically warned Plaintiff that failing to comply with the order could result in the imposition of sanctions, including the dismissal of his case. Id. Plaintiff failed to comply with the order, failed to produce any documents, and failed to provide any discovery responses. MTD at 5; see also Zoha Decl. at ¶ ¶ 6-7. Based upon the March 22, 2018 discovery conference call, Plaintiff had possession of the discovery requests and knew he had to provide responses. He failed to do so. In addition, the Court's orders were sent to Plaintiff's correct address so he knew he had to provide the discovery responses by June 4, 2018 and yet he failed to do so. Accordingly, Plaintiff knowingly violated the Court's May 14, 2018 discovery order. See ECF No. 32.

### B. Plaintiff's Violation of the Court's Order Was Due to Willfulness, Fault, or Bad Faith

This factor does not require a finding of wrongful intent or any particular mental state. See United States v. Lee, 2016 WL 11281164, at *2 (S.D. Cal. Dec. 6, 2016). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994) (citing Henry v. Gill Indus., 983 F.2d 943, 948 (9th Cir. 1993). "A single willful violation may suffice depending on the circumstances." United States v. Approximately $30,000.00 in U.S. Currency, 2015 WL 5097707, at *8 (E.D. Cal. Aug. 28, 2015) (citing Valley Engineers, Inc., 158 F.3d at 1056, cert. denied, 526 U.S. 1064 (1999)) and Ortiz–Rivera v. Municipal Government of

Toa Alta, 214 F.R.D. 51, 57 (D.P.R.2003) (disobedience of court orders in and of itself constitutes extreme misconduct and warrants dismissal)). The Ninth Circuit has "specifically encouraged dismissal, however, where the district court determines 'that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders.'" Meeks v. Nunez, 2017 WL 908733, at *6 (S.D. Cal. Mar. 8, 2017) (citing Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981) (quoting G–K Props. v. Redevelopment Agency, 577 F.2d 645, 647 (9th Cir. 1978)) (citing Nat'l Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976)).

The evidence clearly establishes that Plaintiff acted, or more accurately failed to act, knowingly, intentionally, and willfully. As discussed above, Plaintiff had possession of the discovery requests, knew he had to respond to them, agreed to respond to them, and was given numerous opportunities to respond to them and yet he did not do so. As a final opportunity, the Court ordered Plaintiff to respond to the discovery requests by June 4, 2018 and he again did not do so. Because Plaintiff has not responded to the instant motion, Plaintiff has not shown that his decision to ignore the Court's order was outside of his control. Accordingly, the Court finds that Plaintiff's behavior in not responding to discovery and not complying with the Court's discovery order was done knowingly and willfully and the decision not to respond was entirely within Plaintiff's control.

**C.     Factors for Dismissal**

As discussed in detail below, all of the factors identified by the Ninth Circuit support the Court's decision to recommend dismissal of this case. See Valley Engineers, 158 F.3d at 1057; Hullinger, 2016 WL 7444620, at *8.

   1.   <u>Public Interest in Expeditious Resolution of Litigation & The Court's Need to Manage its Dockets</u>

The first two factors focus on the need to move cases toward timely resolution. Here, Plaintiff filed this action almost two and one half years ago and yet he has not taken any action to move this case toward resolution. He has not conducted discovery and he has not responded to discovery. Plaintiff's behavior negatively impacts both the public's interest in the expeditious

resolution of litigation and the Court's need to manage its docket. Both of these facts weigh in favor of dismissal.

      2.      <u>The Risk of Prejudice to the Party Seeking Sanctions</u>

The consideration of prejudice is an important factor in deciding a motion for a dismissal sanction and should receive more weight than the other factors. <u>Meritage Homeowners' Ass'n v. Bank of New York Mellon</u>, 2017 WL 9471669, at *4 (D. Or. Dec. 3, 2017) (citing <u>Henry</u>, 983 F.2d at 948 and <u>Banga v. Experian Info. Solutions</u>, 2009 WL 2407419, *1 (N.D. Cal. Aug. 4, 2009)). "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1228 (9th Cir. 2006) (quoting <u>Adriana Int'l Corp.</u>, 913 F.2d at 1412 and (citing <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 131 (9th Cir. 1987) and <u>In re Eisen</u>, 31 F.3d 1447, 1453 (9th Cir. 1994)). Failing to produce documents as ordered is considered sufficient prejudice. <u>Id.</u> (citing <u>Adriana</u>, 913 F.2d at 1412). "Prejudice normally consists of loss of evidence and memory, it may also consist of costs or burdens of litigation, although it may not consist of the mere pendency of the lawsuit itself." <u>Id.</u> (citing <u>In re Eisen</u>, 31 F.3d at 1453 and <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002)). "When the spoiling party's actions force the non-spoiling party 'to rely on incomplete and spotty evidence' at trial, dismissal is proper." <u>Meritage Homeowners' Ass'n</u>, 2017 WL 9471669, at *4 (quoting <u>Leon v. IDX Systems Corp.</u>, 464 F.3d 951, 959 (9th Cir. 2006)).

Plaintiff's inaction in this case has prejudiced Defendants. Due to Plaintiff's unwillingness to engage in discovery, Defendants have been required to spend time and money (1) filing multiple motions with the Court for extensions of time to complete discovery, (2) attempting to meet and confer with Plaintiff about the outstanding discovery, (3) filing a motion to compel, and (4) filing the instant motion to dismiss. In addition, after all of Defendants' efforts, they still have not received any responses to their interrogatories or requests for production of documents. There is no question that without these responses, Defendants' ability to go to trial has been impaired. <u>See</u> <u>Mendia v. Garcia</u>, 2018 WL 509977, at *4 (N.D. Cal. Jan. 23, 2018) (finding that plaintiff's conduct prejudiced defendants where "Defendants have been forced to

expend time and resources attempting to secure [plaintiff's] cooperation by filing motions (including the instant Motion) and attending in-person meet and confer sessions, a motion hearing, and a deposition where Plaintiff did not to appear. Plaintiff's refusal to produce discovery has also impaired Defendants' ability to adequately defend against Plaintiff's claims."). This factor, therefore, weighs in favor of dismissal.

### 3. Public Policy Favoring Disposition of Cases on Their Merits

While public policy favors disposition of cases on their merits, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." In re Phenylpropanolamine, 460 F.3d at 1228. As such, this factor "'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (quoting In re the EXXON VALDEZ, 102 F.3d 429, 433 (9th Cir. 1996) (noting that plaintiffs' total refusal to provide discovery obstructed resolution of their claims on the merits); In re Eisen, 31 F.3d at 1454 (giving weight to the plaintiff's failure to specify why it is important that his actions be resolved on their merits); Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) (observing that it is the responsibility of the moving party to move toward disposition on the merits).

Plaintiff has not made any effort during the two plus years this case has been pending to move the case toward resolution on the merits and has, in fact, actively prevented the case from moving in that direction by repeatedly failing to provide the required discovery and to respond to Court orders. Accordingly, this factor weighs in favor of a dismissal sanction.

### 4. Availability of Less Drastic Sanctions

"[B]ecause dismissal is so harsh a penalty, it should be imposed only in extreme circumstances." Meeks, 2017 WL 908733, at *10. Before imposing a dismissal sanction, a court must consider the "impact of the sanction and the adequacy of less drastic sanctions." U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., 857 F.2d 600, 604 (9th Cir. 1988) (quoting Malone, 833 F.2d at 131 and United States v. Nat'l Med. Enter., 792 F.2d 906, 912 (9th Cir. 1986)). In Kahaluu Constr. Co., the Ninth Circuit opined that "the district court is generally

9

required to discuss alternative sanctions; but, in exceptional cases, where it is clear that no other alternative would have been reasonable, we may affirm a dismissal or default judgment despite the absence of such a discussion." Id. (citing Halaco Eng'g Co. v. Costle, 843 F.2d 376, 381 (9th Cir. 1998)) ("consideration of less severe penalties must be a reasonable explanation of possible and meaningful alternatives."). If a court fails to warn a claimant "explicitly or implicitly that their procedural lapses might result in a judgment against them" then it places that court's order of dismissal "in serious jeopardy." Id. at 605. In sum, a "three-part analysis determines whether a court properly considered the adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?" U.S. Equal Emp't Opportunity Com'n, 2009 WL 1287757, at *4 (quoting Adriana Int'l. Corp., 913 F.2d at 1412–13).

      The Court has considered and rejected the possibility of lesser sanctions. Initially, the Court provided Plaintiff with additional time to respond to discovery and then ordered Plaintiff to do so. Neither tactic worked. The Court considered imposing monetary sanctions but given Plaintiff's *pro se* status as well as the other facts regarding Plaintiff's conduct, the Court has no reason to believe that the imposition of monetary sanctions would compel Plaintiff to participate in discovery or that Plaintiff could pay the sanctions. The Court also has considered evidentiary sanctions but finds they are unlikely to be successful given the fact that Plaintiff has refused to participate in the discovery and litigation process despite the Court's warning that such a failure could result in evidentiary and dismissal sanctions. See ECF No. 32 at 6. In addition, evidentiary sanctions are most appropriate when a party fails to provide one specific type of discovery. In such a situation, a court can prohibit the introduction of certain evidence or instruct a jury that a specific fact is proven or that the jury can consider a party's destruction of evidence. Here, on the other hand, Plaintiff has not provided any discovery so there is no appropriate limited jury instruction. Moreover, given Plaintiff's almost complete failure to participate in the court process, it is unlikely that Plaintiff would appear for a trial yet Defendants would be required to

prepare for trial to their further detriment. As a result, the Court finds that this factor weighs in favor of a dismissal sanction.

Given Plaintiff's complete failure to participate in discovery, and to respond to or comply with the Court's orders, and after considering all of the required factors, the Court **RECOMMENDS** dismissal of the instant case.

## **CONCLUSION AND RECOMMENDATION**

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation; and (2) granting Defendants' motion to dismiss.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **August 24, 2018**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **no later than September 7, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: 8/3/2018

Hon. Barbara L. Major
United States Magistrate Judge